[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Jerome T. Dunbar seeks a trial de novo in this motor vehicle infraction matter pursuant to CGS 51-193u and Practice Book sec. 44-30. A hearing before a magistrate was held on August 19, 1998. CT Page 9251 While the court file does not contain a record of the magistrate's decision, apparently it was adverse to Mr. Dunbar, because the defendant filed a "Claim for New Trial (De Novo)" dated August 25, 1998 and file stamped by the clerk's office at 2:52 p.m. that day.
Practice Book sec. 44-30 (c) states that the magistrate's decision shall become a judgment of the court if no demand for a trial de novo is filed. Furthermore, the section reads:
 A demand for a trial de novo shall be filed with the court clerk within five days of the date the decision was rendered by the magistrate . . .
On its face Dunbar's de novo trial demand was not timely since it was filed on the sixth day following the magistrate's decision. When this matter appeared on the calendar on June 28, 1999 Dunbar argued that the demand was timely because (1) he was incarcerated on the day of the decision, August 19, 1998 (a fact stipulated to by the State) and (2) the final day of the five day period for filing a demand, i.e. August 24, 1998 fell on a Sunday. If the factual underpinning of his argument were correct Dunbar would be allowed an additional day to file his demand. See
Practice Book sec. 63-2 (time shall be counted by calendar not working days, however, when the last day of any time limit falls on a day when the clerk's office is closed, filing is allowed on the next day the office is opened). However, the calendar for 1998 shows that August 24 fell on a Monday, a day the clerk's office was required to be open. Therefore, Dunbar's argument fails; his demand was not timely filed, and the magistrate's decision is the judgment of the court.
Dunbar is ordered to pay the fine imposed by the magistrate within ten days of the date of this decision, and the clerk is requested to mail a copy of this decision to Dunbar and the State's Attorney without delay.
Taggart D. Adams, Judge